IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY R. MARTINEZ,

        Plaintiff,

v.                                                                                                                      No. 16cv1179 JCH/LF

BERNALILLO COUNTY and
JOHN and JANE DOES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 26, 2016 ("Application"), and on his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 26, 2016. For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** the Complaint **without prejudice.** Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating that he is unable to pay the costs of these proceedings and provided the following information under penalty of perjury: (i) his monthly income is $0.00; (ii) he has no money and no assets; and (iii) he is unemployed. The Court finds that Plaintiff is unable to pay the filing fee because he is unemployed and has no income.

**Dismissal of Proceedings** *In Forma Pauperis*

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the

complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 and alleges the following facts. *See* Complaint at 5-11. On March 7, 2013, after Plaintiff pleaded guilty to a fourth degree felony offense, State District Judge Michael Martinez entered an Order Revoking Probation and sentenced Plaintiff to serve 527 days in the Department of Corrections with a parole term of one year. On July 9, 2013, the Order Revoking Probation was amended, apparently[1] by District Judge Judith K. Nakamura, to "reflect the prescribed parole term for a 3rd degree felony" of two years. Complaint at 2, 6, 26-27. Jeff Rein, Plaintiff's attorney in the underlying criminal case, approved the amended Order Revoking Probation. *See* Complaint at 27.

---

[1] The Complaint does not expressly allege that Judge Nakamura amended the Order Revoking Probation. The signature for "District Judge" on the amended Order Revoking Probation is illegible. *See* Complaint at 27. Plaintiff appears to suggest that Judge Nakamura amended the Order because he states he "ha[s] never been in front of Judge Judith K. Nakamura," and "the action of Judge Judith K. Nakamura . . . damaged me." Complaint at 2, 6.

Plaintiff alleges that Judge Nakamura and her unidentified clerks violated his civil rights by amending the Order Revoking Probation. Plaintiff states that he was not advised about the amendment and never appeared before Judge Nakamura, which resulted in his serving "8 or 9 months" beyond his original sentence. Plaintiff alleges that his attorney, Jeff Rein, was "complicit" in the invalid amendment to the Order Revoking Probation. Plaintiff also alleges that he advised Jeff Rein and several persons at the Los Lunas and Grants correctional facilities of the alleged unlawful sentence, but they refused to remedy the alleged violation of his civil rights.

Plaintiff initiated a previous lawsuit in this Court dealing with the same facts involved in this action. *See Martinez v. County of Bernalillo*, No. 16cv637 JCH/KK (D.N.M.) ("*Martinez I*"). The Court dismissed the complaint against the County of Bernalillo for failure to state a claim, because Plaintiff did not allege that a County of Bernalillo policy or custom was the moving force behind the alleged constitutional violation, and allowed Plaintiff to file an amended complaint. *See Martinez I*, Doc. 5 at 4. The Court dismissed *Martinez I* without prejudice because Plaintiff's amended complaint also failed to state a claim against the County of Bernalillo. *See Martinez I*, Doc. 9 at 2.

The Court will dismiss the claims against the County of Bernalillo in this case without prejudice for failure to state a claim. "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-753 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). Plaintiff has not alleged any facts showing that a Bernalillo County employee

4

committed a constitutional violation or that a Bernalillo County policy or custom was the moving force behind the alleged constitutional violation.

The Court will dismiss the claims against Judge Judith K. Nakamura because she is immune from suit.  "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction."  *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").  The Court will also dismiss the claims against Judge Nakamura's unidentified clerks because they are also immune from suit. *See Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008) ("[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved.  Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process.").

The Court will dismiss the claims against Jeff Rein, Plaintiff's attorney in the underlying criminal case, regarding his alleged complicity in the amendment of the Order Revoking Probation for failure to state a claim.  "[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant."  *Dunn v. Harper County*, 520 Fed.Appx. 723, 725-726 (10th Cir. 2013) (*quoting Polk County v. Dodson,* 454 U.S. 312, 325 (1981)).

The Court will dismiss the claims against Jeff Rein and the other persons who allegedly

5

refused to help Plaintiff correct the alleged unlawful amendment for failure to state a claim.  "To state a claim under 42 U.S.C. § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009); *Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995) (To state claim under § 1983, plaintiff must do more than identify in the abstract a clearly established right and allege that defendant has violated it; rather, plaintiff must articulate the clearly established constitutional right and defendant's conduct which violated it with specificity and must demonstrate substantial correspondence between conduct in question and prior law, thereby establishing that defendant's actions were clearly prohibited).  Plaintiff has not articulated a specific federal right that was violated when Jeff Rein and the other persons refused to help Plaintiff correct the allegedly invalid amendment to the Order Revoking Probation.

Plaintiff may file an amended complaint within 21 days of entry of this Order.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time.

The Court will order service if Plaintiff timely files an amended complaint which states a claim.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 26, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 26, 2016, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**